**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL T. CURTIN,**

      **Plaintiff,**

v.                                                           Case No: 6:20-cv-981-RBD-DCI

**NORTHROP GRUMMAN**
**CORPORATION,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Defendant's Motion for Summary Judgment (Doc. No. 29)
>
> **FILED:** December 30, 2020
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.**      **Background and Procedural History**

This case stems from the determination that Michael T. Curtin (Plaintiff) is not eligible for benefits under a post-retirement welfare benefits plan. Doc. 1. In the Complaint, Plaintiff, proceeding *pro se*, alleges that Northrop Grumman Corporation (Defendant) offers different retiree medical plans depending upon an employee's heritage within the Northrop Grumman organization and in order to qualify for the "better medical plan," the employee "must have been affiliated with some Northrop entity on or before June 30, 2003." Doc. 1 at 2. Plaintiff claims that on or about January 30, 1989, Defendant sent him on an assignment to New Mexico where he worked until

approximately February 15, 1997. *Id*. During the work assignment, Plaintiff contends that from approximately December 1995 to February 15, 1997, he worked in the Aerospace Sector's Advanced Technology and Development Center. *Id*. Plaintiff "believes he is qualified as having "Northrop heritage" by reason of his January 1989 to February 1997 work assignment to New Mexico." *Id*. Plaintiff alleges that he asked Defendant about his eligibility for the Northrop Heritage Plan and the plan administrator advised that he does not qualify. *Id*. Plaintiff states that he appealed that decision, and the appeal was denied. *Id*.

Plaintiff seeks a declaration that he is eligible for the benefits and an injunction against Defendant enjoining it from denying him relief pursuant to Section 502(a)(1)(B) of the Employment Retirement Income Security Act of 1974 (ERISA). *Id*. at 2, 3. Northrop Grumman Corporation (Defendant) moves for summary judgment under Federal Rule of Civil Procedure 56 (the Motion). Doc. 29. Plaintiff has filed a Response to the Motion (the Response) and Defendant has filed a reply (the Reply). Docs. 31, 33.

Upon review, the undersigned recommends that Defendant is entitled to summary judgment.

## II.    Standard of Review

Courts in this district "have recognized the 'incongruity between the summary judgment standard set forth in Federal Rule of Civil Procedure 56 and the ERISA standard of review.'" *Foster v. Hartford Life & Accident Ins. Co.*, 2010 WL 11504337 at *9 (S.D. Fla. Sept. 7, 2010) (quoting *Cook v. Std. Ins. Co.*, 2010 WL 807443 (M.D. Fla. Apr. 26, 2010) ("This Court and other courts in this district have recognized that the typical standard for summary judgment motions does not apply in ERISA actions.")). As Defendant states (Doc. 29 at 11), in the context of ERISA, "claims are construed as a Motion for Final Judgment since the court sits in more of an appellate

capacity." *Foster*, 2010 WL 11504337 at *9 (citing *Providence v. Hartford Life and Accident Ins. Co.*, 357 F.Supp. 2d 1341, 1342 n. 1 (M.D. Fla. Jan. 12, 2005) and *Phillips v. Metro. Life Ins. Co.*, 2008 WL 899222 at *2 (M.D. Fla. Mar. 31, 2008)).

ERISA "does not set out the appropriate standard of review for actions under § 1132(a)(1)(B) challenging benefit eligibility determinations." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 108-09 (1989). The Eleventh Circuit, therefore, established a multi-step framework to guide courts in reviewing an ERISA plan administrator's benefits decision. This report will not discuss the framework in detail because the undersigned finds that Plaintiff did not name the proper party.

### III. Statement of Facts

It is undisputed that the name of the plan at issue is the Northrop Grumman Corporation Retiree Welfare Benefits Plan (the Plan). Docs. 29-1 at 7; 31 at 2 n.2. One component of the Plan is the Northrop Grumman Retiree Medical Plan (the Retiree Medical Benefit). Doc. 29-1 at 57. Eligibility for the Retiree Medical Benefit is dependent upon employment heritage, e.g., whether a Northrop Grumman employee has Northrop heritage or Grumman heritage.

In or about March 2019, Plaintiff inquired about his heritage under the Plan. Docs. 29 at 7; 29-1 at 65. In a letter dated March 22, 2019, the Northrop Grumman Benefits Center informed Plaintiff that their records indicated that his heritage was Grumman. *Id*.

On April 30, 2019, Plaintiff submitted an administrative claim requesting that his eligibility for Northrop heritage under the Plan be reconsidered. Docs. 29 at 7; Doc. 29-1 at 82. In letters dated June 4, 2019 and June 27, 2019, the Northrop Grumman Benefits Center informed Plaintiff that the administrative claim was denied. Doc. 29-1 at 84-86. Specifically, the June 4, 2019 letter states, in part, the following:

> This letter is in response to your correspondence dated May 3, 2019, received by us on May 6, 2019, in which you request to be eligible for retiree medical benefits with Advanced Technology and Development Center (ATDC) through the Navigation Systems heritage under the Northrop Grumman Retiree Medical Plan (the "Plan") instead of the Grumman heritage. Your request is being treated as an inquiry.
>
> Per Northrop Grumman Retiree Medical Plan SPD, heritage eligibility and subsidy are determined by the sector which you were affiliated on June 30, 2003. The Northrop Grumman Defined Benefit/Pension group did review your record and the documentation that you submitted and confirmed Grumman as your heritage. According to the Defined/Pension group, you are not part of the heritage that would make you eligible for retiree stipend.
>
> ***

Doc. 29-1 at 84. The June 27, 2019 letter explains:

> This letter is in response to your correspondence dated May 3, 2019, received by us on May 6, 2019, and your phone call to the Northrop Grumman Benefits Center ("NGBC") on June 17, 2019, in which you request to be eligible for retiree medical benefits with Advanced Technology and Development Center (ATDC) through the Northrop heritage instead of the Grumman heritage under the Northrop Grumman Retiree Medical Plan (the "Plan"). Your request is being treated as an Administrative Claim. We have reviewed your claim and your request is being denied for the reasons described below.
>
> ***
>
> Under the terms of the Plan, heritage eligibility and subsidy are determined by the sector with which you were affiliated on June 30, 2003. See page 8 of Plan's Summary Plan Description. The *plan administrator* reviewed your record and the documentation that you submitted and confirmed Grumman as your sole heritage.
>
> ***
>
> If you disagree with the decision regarding your benefits claim, you have 65 days from the receipt of this letter to file an appeal. The appeal should be made in writing and sent to the Northrop Grumman Benefit Plans Administrative ("Committee").

*Id*. at 85-86 (emphasis added).

Plaintiff, through counsel, appealed this decision arguing that Plaintiff's service working at the ATDC should be considered as time working under a Northrop heritage entity. *Id*. at 87-93;

- 4 -

Doc. 32 at 4-10. The appeal was denied. Docs. 29-1 at 58-59; 32 at 13-14. In a letter dated October 28, 2019, the secretary for the Benefits Plans Administrative Committee informed Plaintiff of the following with regard to the appeal:

> I am writing to you on behalf of the Benefit Plans Administrative Committee (the "Committee"), regarding the Northrop Grumman Corporation Group Benefits Plan, of which the Northrop Grumman Retiree Medical Plan (the "Plan") is a component. This is in response to your letter ("Appeal Letter"), in which you appeal the denial of your Administrative Claim. After a thorough review of our appeal in conjunction with the terms of the Plan and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the Committee denies your appeal for the reasons below.
>
> \*\*\*
>
> Because you have not provided any satisfactory evidence to contradict the Plan's records, you do not meet the eligibility requirements for the Northrop heritage under the Plan and we are upholding the denial of your Administrative Claim.

*Id.*

The letter goes on to state that it constitutes a denial of the appeal and notified Plaintiff that he has a right to bring a civil action. Docs. 29-1 at 59; 32 at 14. On or about June 5, 2020, Plaintiff initiated the instant case. Doc. 1.

**VI.    Discussion**

Plaintiff brings his Complaint under 29 U.S.C. § 1132(a)(1)(B), which empowers an ERISA plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Despite the ability to bring suit, Defendant contends that it is entitled to summary judgment because Defendant is not the plan administrator of the Plan at issue. Doc. 29 at 11-12. In other words, Plaintiff has named the wrong defendant. The undersigned agrees.

"The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). The Eleventh Circuit has explained that § 1132(a)(1)(B) "confers a right to sue the plan administrator for recovery of benefits." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001) (citing *Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir. 1992)).

Here, the Plan designates and defines the Administrative Committee (the Committee) as the plan administrator.

The Plan provides in relevant part as follows:

Section 4.03 of the Plan. Administrative Discretion. The Plan Administrator is expressly empowered with the full and final discretion to determine all of the following:

(a) Whether and to what extent Eligible Retirees, their Spouses, Domestic Partners and Dependents are eligible to become Participants and Beneficiaries under this Plan and under the Component Plans.
(b) The effective date for eligibility to receive benefits under this Plan, including establishing any requirements and/or deadlines for submitting claims and substantiating claims.
(c) The amount and types of benefits Participants and Beneficiaries with receive under this Plan.

Section 6.01. In General. The administration of this Plan is the responsibility of the Administrative Committee. The Administrative Committee is the "plan administrator" under ERISA. In addition, the Administrative Committee is a "named fiduciary" of the Plan under ERISA for administrative matters. Members of the Administrative Committee and all other Plan fiduciaries may serve in more than one fiduciary capacity with respect to the Plan.

Section 6.02. The Administrative Committee. The Administrative Committee consists of at least three members appointed by the Chief Executive Officer who serve at the pleasure of the Chief Executive Officer, without compensation, unless otherwise determined by the Chief Executive Officer. The Administrative Committee is not intended to replace any similar committee that has been given administrative authority over a Component Plan.

Section 6.08. Powers of the Plan Administrator. The Plan Administrator will have all powers necessary or incident to its office as plan administrator. The Plan Administrator shall have the full discretionary power to administer the Plan in all

>of its details subject, however, to the requirements of ERISA or applicable law. All interpretations, findings, and decisions of the Plan Administrator shall be final and conclusive. . . .

Doc. 29-1 at 14, 22, 23.

As such, the clear language of the Plan not only names the Committee as the plan administrator but specifies that the authority to control the Plan lies with that entity. Namely, the Committee has "full and final discretion" to determine eligibility, which is the issue in this case. There is no evidence before the Court that Defendant acts as the plan administrator or has any control, responsibility, or power to make any determination under the Plan, including a determination of Plaintiff's eligibility. Despite this, Plaintiff seeks an order enjoining Defendant from denying Plaintiff the "relief [to] which he is entitled" and seeks a declaration that Plaintiff is eligible for all benefits due under the "Northrop Heritage Plan." Doc. 1. But enjoining Defendant or issuing such a declaration in this case and would be without effect since the Committee as plan administrator, and not Defendant, determines Plaintiff's eligibility under the Plan and the Medical Retiree Benefit.

Plaintiff's failure to name the proper defendant is fatal to his request for relief. *See Hunt v. Hawthorne Assoc., Inc.*, 119 F.3d 888, 908 (11th Cir. 1997) (finding that "the case law of this circuit demonstrates that an order enjoining the payment of benefits from an ERISA plan must issue against a party capable of providing the relief requested") (citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1074 (5th Cir. 1990) (affirming district court's dismissal of plaintiff's second amended complaint in part for failure to name the plan administrator as an "indispensable party.")). Further, while Defendant raises this argument in the Motion for Summary Judgment, Plaintiff fails entirely to rebut—or even address—Defendant's argument that dismissal is appropriate because Plaintiff failed to name the proper party. *See* Doc. 31. Defendant filed a

Reply to highlight that lack of opposition, restating its request for summary judgment on this ground. Doc. 33 at 1, 4. Certainly, Plaintiff is a *pro se* litigant, and his filings are liberally construed, but he is still subject to the relevant law and rules of court. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). In sum, the undisputed facts before the Court evidence that, under the language of the Plan, Defendant is not the plan administrator with respect to Plaintiff's eligibility determination.

Finally, the undisputed facts do not demonstrate that Defendant controlled the Plan even though the Plan gives the Committee that authority. In the Eleventh Circuit, the *de facto* administrator doctrine provides that an employer may be held liable as the plan administrator in certain circumstances. "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton*, 244 F.3d at 824 (citing *Rosen*, 979 F.2d at 193). "[I]f the employer is administering the plan, then it can be held liable for ERISA violations." *Id*. The parties do not directly discuss proof of control outside of the Plan document, and Plaintiff certainly does not invoke the doctrine in the Complaint or make the argument in his Response that Defendant acted as the plan administrator despite the designation to the Committee in the Plan.[1] In any event, given Plaintiff's *pro se* status, the undersigned will briefly address the matter.

---

[1] The undersigned notes that the Eleventh Circuit "has only applied the *de facto* plan administrator doctrine to *employers*." *Castro v. Hartford Life & Accident Ins. Co.*, 2011 U.S. Dist. LEXIS 121799, at *22 (M.D. Fla. Oct. 14, 2011) (citing *Oliver v. Coca Cola Co.*, 497 F.3d 1181, 1194 (11th Cir. 2007) (emphasis in the original)). According to Defendant's statement of facts, "[t]he Northrop Grumman Pension Program's records indicate that Plaintiff's sole heritage is Grumman because the termination letter and wage increases for his employment showed that he worked for Northrop Grumman Technical Services, Inc. Doc. 29 at 9, citing Ex. A, Def. Prod. 58, 59, 98, 99, 100. Plaintiff states in the Response that he was never employed by Northrop Grumman Technical

The evidence, which Plaintiff does not dispute, reflects that the Committee made the final decision with regard to Plaintiff's eligibility as the Plan anticipates. As discussed, the June 27, 2019 letter reflects that it was the plan administrator that reviewed Plaintiff's administrative claim and determined that Plaintiff's heritage is Grumman. Doc. 29-1 at 85-86. The letter then advised him to direct his appeal to the "Northrop Grumman Benefit Plans Administrative Committee," which he did. *Id*. at 86, 87. The Committee upheld the denial of the administrative claim. *Id*. at 58-59. Defendant is not listed as the entity that made these decisions. *See id*.

So, to the extent that Defendant is Plaintiff's employer (and taking into consideration that sometimes proof of who the plan administrator is can come from a source other than the plan document in light of the factual circumstances of a case), the undisputed evidence before the Court still establishes that Defendant is not the plan administrator. Thus, summary judgment in Defendant's favor is appropriate. *See McCormick v. Archstone-Smith Cmtys*., 2007 U.S. Dist. LEXIS 113559, at *12-14 (S.D. Fla. June 20, 2007) (granting defendant's motion for summary judgment as the plaintiff did not allege and the record did not reflect that the defendant took any action throughout the determination of the plaintiff's claim, did not have the authority to deny benefits, and did not exercise any control over the claim).

### VII. Conclusion

Upon due consideration, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Doc. 29) be **GRANTED**. The undersigned is persuaded by Defendant's argument that it is not the proper party in this case and, therefore, judgment in its favor is appropriate. Being that this is a threshold argument, the undersigned did not address Defendant's

---

Services and was continuously employed by the Northrop Grumman Aerospace Sector. Doc. 31 at 2. Plaintiff identifies Defendant as his employer. *Id*.

alternative grounds for summary judgment. If the Court disagrees with this Report and Recommendation, the undersigned respectively requests that the Motion be referred back for the undersigned to consider the remainder of the arguments.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 4, 2021.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy